## UNITED STATES v. SCOTT.

(District Court, E. D. Washington, N. D.   January 21, 1918.)

ARMY AND NAVY ⊂⇒20—SELECTIVE DRAFT LAW—FAILURE TO REGISTER—ABSENTEES FROM COUNTRY.

Under Selective Draft Act, § 5, and the regulations thereunder, which require persons subject to registration who were absent from the United States on registration day to register within five days after their return, such a person cannot avoid the duty by again leaving the United States before the expiration of the five days.

Criminal prosecution by the United States against Alban N. Scott. On motion for new trial.   Denied.

Francis A. Garrecht, U. S. Atty., of Spokane, Wash.
Louis A. Dyar, of Spokane, Wash., for defendant.

RUDKIN, District Judge.   Section 5 of the Selective Service Law, approved May 18, 1917 (40 Stat. 80, c. 15), provides as follows:

"That all male persons between the ages of twenty-one and thirty, both inclusive, shall be subject to registration in accordance with regulations to be prescribed by the President; and upon proclamation by the President or other public notice given by him, or by his direction, stating the time and place of such registration it shall be the duty of all persons of the designated ages, except officers and enlisted men of the Regular Army, the Navy, and the National Guard and Naval Militia while in the service of the United States, to present themselves for and submit to registration under the provisions of this act; and every such person shall be deemed to have notice of the requirements of this act upon the publication of said proclamation or other notice as aforesaid given by the President or by his direction; and any person who shall willfully fail or refuse to present himself for registration or to submit thereto as herein provided, shall be guilty of a misdemeanor and shall, upon conviction in the District Court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year, and shall thereupon be duly registered."

The proclamation of the President under date of May 18, 1917, provides, among other things:

"And I do further proclaim and give notice to all persons subject to registration in the several states and in the District of Columbia in accordance with the above law that the time and place of such registration shall be between 7 a. m. and 9 p. m. on the 5th day of June, 1917, at the registration place in the precinct wherein they have their permanent homes.  Those who shall have attained their twenty-first birthday and shall not have attained their thirty-first birthday on or before the day here named are required to register, excepting only officers and enlisted men of the Regular Army, the Navy, the Marine Corps, and the National Guard and Naval Militia while in the service of the United States and the officers in the Officers' Reserve Corps and the enlisted men in the enlisted Reserve Corps while in active service.  In the territories of Alaska, Hawaii, and Porto Rico a day for registration will be named in a later proclamation."

Provision is then made for the registration of those who through sickness shall be unable to present themselves for registration and for those who expected to be absent on the date named. Section 65 of the registration regulations promulgated on the same day provides as follows:

"Male persons within the designated ages who, on account of absence at sea or on account of absence without the territorial limits of the United States, may be unable to comply with the regulations herein pertaining to absentees will, within five days after reaching the first United States port, register with the proper registration board or as herein provided for other absentees."

Section 56 of the regulations promulgated November 8, 1917, provides as follows:

"Citizens and persons who have declared their intention to become citizens residing abroad are not required to register, but any such citizen or person may do so by applying to the nearest American consulate to have his registration card filled out."

Section 53 of the regulations of the same date provides:

"Citizens or persons who have declared their intention to become citizens who have not hitherto registered on account of absence without the territorial limits of the United States are required to register within five days after their return to the United States."

The indictment in this case charges that the defendant is a citizen of the United States within the designated ages; that on the 5th day of June, 1917, he was temporarily without the territorial limits of the United States and within the Dominion of Canada; that on the 6th day of December, 1917, he returned to the United States at the port of Laurier, within this district, and proceeded thence to the city of Spokane, where he arrived on the 7th day of December, 1917, and has since remained; and that he thereafter unlawfully and willfully failed, neglected, and refused to register or present himself for registration or submit thereto within the period of five days as provided by the act of Congress and the proclamation of the President. Upon the trial the jury returned a verdict of guilty under the instructions of the court, and the defendant has interposed a motion for a new trial.

There is no controversy over the material facts. The defendant is a citizen of the United States of the age of 25 years. He left the United States about the month of July, 1916, and went to the Dominion of Canada. He resided in the Dominion of Canada from that date until the 6th day of December, 1917, and claimed his permanent residence there. On or about the 6th day of December, 1917, he made certain statements in a hotel at Grand Forks, British Columbia, derogatory to his own country and to the cause of the countries engaged in the present war against the German Empire. He was placed under arrest by the immigration officers of the Dominion and deported to the United States. At the border he was turned over to the United States immigration officers, and was by them in turn turned over to the United States marshal for this district, who placed him in jail in the city of Spokane. The cause of his arrest and detention after entering the United States was apparently based on suspicion that he was

a deserter from the United States Army. Within five days after entering the United States he was requested by a deputy United States marshal to register and was given an opportunity to do so. This request he refused to comply with, and still refuses.

The sole contention now made in his behalf is that, under the regulations promulgated by the War Department, he was allowed the full period of five days to register after entering the United States, and was guilty of no offense until after the expiration of that period; that during the period thus allowed he was at liberty to again leave the United States and return to the Dominion of Canada, or to any other foreign country, without violating the laws of the United States or the regulations made pursuant thereto, and, having been denied the right to thus leave the country because of his imprisonment and forcible detention, he should be acquitted. With this contention I am unable to agree. The court cannot inquire into the lawfulness of his deportation from the Dominion of Canada. He came into the United States on the 6th day of December, and the duty to register within five days thereafter was absolute and unqualified. That duty he could not shirk or avoid by leaving the country before the expiration of five days, any more than any other citizen could avoid the like duty by leaving the country immediately prior to the 5th day of June, 1917.

The motion for a new trial is accordingly denied.